900 F.2d 261
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven W. YEE and Mark S. Verdi, Defendants-Appellants.
 No. 89-4031.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1990.
 
 On Appeal from the United States District Court for the Northern District of Ohio, 89-00720, Potter, D.J.
 N.D.Ohio
 AFFIRMED.
 Before BOYCE F. MARTIN, JR. and NATHANIEL R. JONES, Circuit Judges, and JOHN FEIKENS, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendants Steven W. Yee and Mark S. Verdi appeal the district court's finding based on a magistrate's hearing that they be detained without bond. The defendants were arrested on March 7, 1989 on suspicion of the murder of David Hartlaub on February 27, 1988. A federal grand jury returned an indictment against them for various federal firearms violations on March 3, 1989. 26 U.S.C. Secs. 5861(d), 5861(i); 18 U.S.C. Sec. 371. State indictments against the defendants have been held in abeyance awaiting the outcome of the federal proceedings.
 
 
 2
 These defendants have been held without bond since their arrest fourteen months ago. Before their case will be tried, an evidentiary hearing has been sought regarding the admissibility of certain genetic evidence for the identification of the defendants.
 
 
 3
 At the appellate hearing before us, counsel for the parties stated that the requirements of the Speedy Trial Act, 18 U.S.C. Sec. 3161 et seq., had not been violated. They also agreed that the case could be tried after a delay of 30 days.
 
 
 4
 On appeal, we review the factual findings made by the district court under a clearly erroneous standard. On November 3, 1989, the district court held that the defendants should continue to be held without bond, finding that they posed a risk of flight and a danger to the community. We are aware of the balancing test developed by the Second Circuit for determining whether a defendant's due process rights have been violated by his pre-trial detention without bond. United States v. Gonzales-Claudio, 806 F.2d 334 (2d Cir.1986) (defendant ordered released after 14 months of pre-trial detention).
 
 
 5
 On the facts of this case and giving due consideration to the defendants' due process rights, we believe the most appropriate remedy is that unless a trial on the indictment returned on March 3, 1989 shall begin on or prior to May 21, 1990, the district court should fix a reasonable bail and/or conditions for release of the defendants, pending a future trial.
 
 
 6
 The judgment of the district court is affirmed under the conditions set out and the case is remanded.
 
 
 
 *
 The Honorable John Feikens, Senior United States District Judge for the Eastern District of Michigan, sitting by designation